RAYMOND N. HULSER
Chief
Public Integrity Section, Criminal Division
U.S. Department of Justice

JOHN D. KELLER
Illinois State Bar No. 6293104
VICTOR R. SALGADO
DC Bar No. 975013
SIMON J. CATALDO
Massachusetts Bar No. 690879
Trial Attorneys
Public Integrity Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
Tel: (202) 514-1412
John.Keller2@usdoj.gov
Victor.Salgado@usdoj.gov
Simon.Cataldo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 2:16-CR-01012-SRB |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL** |
| Joseph M. Arpaio, | |
| Defendant. | |

On January 25, 2017, this Court scheduled trial in this case for April 25, 2017. Lead counsel for the defendant, Mr. McDonald, was present and had previously agreed to the trial date. Now just five weeks before trial, additional counsel has filed a motion to continue based on a personal obligation that he scheduled "well over a year ago." Mot. to Continue Trial at 2, ECF No. 86. Mr. Goldman requests a sixty-day extension of all of the defendant's deadlines, along with the trial date. The motion is meritless. It should be denied.

Counsel for the defendant have had ample notice of the pending proceedings and anticipated trial in this case for over seven months. Indeed, April 25, 2017, is the third trial

date set in this case. After Judge Snow issued a criminal contempt referral of the defendant on August 19, 2016, this Court issued a show cause order on October 25, 2016, and an initial trial date of December 6, 2016, was set. Trial was subsequently continued to April 4, 2017, upon the defendant's motion. This Court then held a pre-trial conference on January 25, 2017,[1] during which the Court reset trial for April 25, 2017, and set early deadlines for motions and pre-trial disclosures with the express intent of providing counsel with sufficient time to prepare for the April 25, 2017, trial date. At no time during the pendency of these proceedings did Mr. McDonald or Mr. Goldman indicate to the Court that Mr. Goldman would join the defense team or that he had personal obligations that would interfere with an April trial date. Indeed, both counsel were aware prior to March 1, 2017, that Mr. Goldman intended to file an appearance in this case, *see* Gov. Exhibit B,[2] and yet Mr. Goldman waited until March 17, 2017—after the government had produced its exhibit list, witness lists, and copies of its anticipated trial exhibits—to file his notice of appearance and motion to continue trial. Mr. Goldman's long-established personal and social obligations on a weekend provide no basis for a continuance, and the Court should reject this last-minute maneuver. *See* 18 U.S.C. § 3161(h)(7)(A).

The defendant's motion also suggests that the unsurprising inclusion on the government's witness list of Timothy Casey, an attorney who Maricopa County retained as outside counsel to defend the County in the *Melendres* litigation, somehow justifies a continuance of the trial date. *See* Mot. to Continue Trial at 2, ECF No. 86. It does not. Mr. Casey has already testified in depositions and in the 2015 civil contempt hearing

---

[1] The government recalls that Mr. Goldman was present at the January 25, 2017, hearing. In fact, Mr. Goldman and Mr. McDonald may have known at that hearing that Mr. Goldman was planning to associate as counsel. Mr. McDonald stated to the Court: "And, Your Honor, as I indicated at the bench, I'm in the process of trying to bring on additional counsel." Gov. Ex. A at 32.

[2] The victims' names have been redacted from Gov. Exhibit B to protect them from public disclosure.

regarding his multiple conversations with the defendant in which he informed the defendant of the requirements of the preliminary injunction. The government intends to elicit only the same information that Mr. Casey *has already testified to* during his depositions and at the hearing held in open court—proceedings at which Mr. McDonald himself was present and represented the defendant. Mr. Casey testified pursuant to Judge Snow's ruling that the privilege had been waived as to communications between Mr. Casey and MCSO employees about the subject matter of the preliminary injunction. *See Melendres v. Arpaio*, no. 2:07-cv-02513, Order, ECF No. 1094. Thus, no privilege remains. Any privilege would, in any event, belong to the County, rather than to the defendant personally. *See In re Grand Jury Subpoena, JK-15-029*, 828 F.3d 1083, 1092 (9th Cir. 2016) ("Whatever privilege such communications may implicate is held by the State of Oregon, not [the former Governor] personally").

    For all of the reasons stated above, the motion should be denied.

Respectfully Submitted,

RAYMOND N. HULSER
Chief, Public Integrity Section

By: */s/ John D. Keller*
    John D. Keller
    Victor R. Salgado
    Simon J. Cataldo
    Trial Attorneys
    United States Department of Justice
    Public Integrity Section
    1400 New York Ave. NW
    Washington, DC 20005
    (202) 514-1412
    John.Keller2@usdoj.gov
    Victor.Salgado@usdoj.gov
    Simon.Cataldo@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on today's date, I electronically filed the foregoing via the CM/ECF system which will provide notice to counsel of record for the defendant.

/s/ *John D. Keller*
John D. Keller
Trial Attorney